IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**BILLY E. FILES, et al**

       Plaintiffs,

v.	CV 11-PT-1171-M

**CHURCH OF GOD, et al**

       Defendants.

**MEMORANDUM OPINION**

This cause comes on to be heard on Plaintiffs' Request for Entry of Default filed on September 15, 2011 and on Defendant Celestial Praise's Church of God, Inc.'s Opposition to Request for Entry of Default filed on September 26, 2011. This court has previously denied Celestial Praise's motion to dismiss based on purported lack of personal jurisdiction. Celestial Praise has not argued or suggested any purported substantive defense to the plaintiffs' complaint.[1]

Celestial Praise waived service of the plaintiffs' complaint on June 8, 2011.[2]

---

[1] In this court's order denying Celestial Praises motion to dismiss based upon purported lack of personal jurisdiction, this court failed to quote the following pertinent statement in Celestial Praises's Reply Brief filed October 24, 2011 at footnote 5: "At the time the promissory notes were issued, Celestial Praise never communicated directly with plaintiffs; *all communications with plaintiffs were through the Pitts Defendants.*" (Emphasis added). This statement is substantially repeated on page 6 of Celestial Praise's Memorandum of Law filed on September 26, 2011. (No. (11)). In its order this court did note that Celestial Praise had retained the Pitts defendants and had, at least, ratified their Alabama actions. Note that Celestial Praise communicated "*through* the Pitts defendants. The subject transaction was "one of a series of similar transactions brokered by Wayne Pitts Real Estate *on Celestial Praise's behalf* as part of Celestial Praises's ongoing fundraising endeavor." (See Page 6 of Celestial Praise's Memorandum of Law filed on September 26, 2011.)

[2] The waiver is dated May 4, 2011 and was filed on June 8, 2011. See attachment hereto. The waiver provides that its attorney "must file and serve an answer or a motion under Rule 12 within 60 days from April 26, 2011," and that if he fails "to do so, a default judgment will be entered against me (sic) or the entity I represent."

As to the timeliness of Celestial Praise's motion, also see Federal Rules of Civil Procedure 4 and 12. Also see *Ins. Corp. v. Compagnie Des Bauxites*, 456 U.S. 694, 701-707(1982).

**Celestial Praise did not plead or otherwise respond to the complaint until it filed a motion to dismiss on September 26, 2011 premised solely on lack of personal jurisdiction. Celestial Praise has not denied that it executed the subject promissory note nor that it has defaulted in payment of the note.[3]**

A number of the defendants have relied upon *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). This reliance is questionable. First, the Court held that a Florida court had personal jurisdiction of a Michigan resident. Second, a number of the statements in the case tend to support the plaintiffs' position. These include :

1. "The State of Florida's long-arm statute extends jurisdiction to '[a]ny person, whether or not a citizen or resident of this state, 'who, *inter alia*, [b] reaches a contract in this state by failing to perform acts required by the contract to be performed in this state,' so long as the cause of action arises from the alleged contractual breach ... . The United States District Court for the Southern District of Florida ... relied on this provision in exercising personal jurisdiction over a Michigan resident, who allegedly had breached a franchise agreement with a Florida corporation *by failing to make required payments in Florida*. The question presented is whether *this* exercise of a long-arm jurisdiction offended 'traditional conception[s] of fair play and substantial justice' embodied in the Due Process Clause of the Fourteenth Amendment.' "Even if Alabama does not have such a statute, its long-arm extends to the limits of what comports with the Due Process Clause.

---

[3]The senior paster of Celestial Praise has stated that, Celestial Praise "engaged the services of Wayne Pitts and Wayne Pitt (sic) Real Estate & Finance, Inc., both residents of Florida .... . Celestial Praise did not dictate the manner in which the Pitts Defendants would raise funds or provide instruction to the Pitts Defendants as to how to go about raising funds." It did ratify the Pitts negotiations with knowledge. Celestial Praise sent the signed subject note to the Pitts defendants for delivery to the plaintiffs.

*Id*., at 463-64.

2. "*Burger King* alleged that Rudzewicz and MacShara had breached their franchise obligations 'within [the jurisdiction of] this district court' by failing to make the required payments' at plaintiff's place of business in Miami, Dade County, Florida ... ." *Id*., at 468.

3. "Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this 'far warning' requirement is satisfied if the defendant has 'purposely directed' his activities at residents of the forum ..., and the litigation results from alleged injuries that 'arise out of or relate to' those activities."  *Id*., at 471.

4. "A State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-ot-state actors ... .  Moreover, where individuals 'purposely derive benefit' from their interstate activities, . . . . it may well be unfair to allow them to escape having to account in other states for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed . . . . ., it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity." *Id*., at 470-71.

5. "So long as it creates a 'substantial connection with the forum, even a single act can support jurisdiction." *Id*., at 475, note 18.

For further pertinent statements, see pages 476-482.  These discussions include observations that:

**(1) When activities are shielded by the benefits and protections of the forum's laws it presumptively is not unreasonable to require him to submit to the burdens of litigation in the forum.**

**(2) Communications by mail and wire obviate the need for physical presence in a state to transact business. Absence of physical presence does not defeat personal jurisdiction. See other discussion.**

The court grants plaintiffs' request and will enter a default judgment against defendant Celestial Praise following the scheduled hearing.

This the 7th day of November, 2011.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE