FILED
 2013 May-10 PM 03:49
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **BILLY E. FILES and LINDA L. FILES,** | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Civil Action No.: 11-01171-RBP <br> ) |
| **CHURCH OF GOD**, *et al.*, | ) <br> ) |
| Defendants. | ) |

## OPPOSED MOTION TO COMPEL PRODUCTION OF PLAINTIFFS' CONTINGENCY FEE AGREEMENT, IF ANY, AND ANY OTHER DOCUMENTS MEMORIALIZING PLAINTIFFS' FEE ARRANGEMENT WITH THEIR COUNSEL

Defendant Church of God hereby moves this Honorable Court pursuant to FED. R. CIV. P. 37(a) for an order compelling Plaintiffs Billy E. and Linda L. Files to produce a copy of any contingency fee agreement and any other document that may reveal Plaintiffs' fee arrangement with their counsel.[1] Such documents are relevant to the claims and defenses of the parties in the above-captioned case and are due to be produced. As set forth herein in detail, counsel for Church of God

---

[1] Church of God also has requested that Plaintiffs produce itemized invoices showing all fees billed, which like the fee arrangement information requested herein, shall be necessary to determine and challenge the reasonableness of Plaintiffs' attorneys' fees, which are a component of their claimed damages. Church of God recognizes, however, that (unlike the information requested herein) itemized fee invoices could reveal attorney-client privileged communications or attorney work product. Church of God therefore reserves its demand that itemized invoices be produced until after a finding of liability.

has conferred with counsel for Plaintiffs in a good faith effort to resolve this discovery dispute. In brief, through correspondence by letter and email, counsel for Church of God discussed with counsel for Plaintiffs the grounds upon which Church of God contends that the requested fee information is relevant or may lead to the discovery of admissible evidence, but Plaintiffs stand upon their objection to the relevancy of the documents and have refused to produce them. Plaintiffs oppose this motion.

Church of God respectfully submits that this motion is due to be granted for the following reasons:

## I.   FACTS

1. During the deposition of Plaintiffs' appointed power of attorney, Sam Barrazzone, counsel for Church of God inquired of the witness regarding Plaintiffs' fee arrangement with their counsel. Plaintiffs' counsel directed Mr. Barrazzone not to answer the question.

2. Subsequently, counsel for Church of God and counsel for Plaintiffs repeatedly conferred regarding Church of God's request for information regarding Plaintiffs' fee arrangement with their counsel. (*See* **Exhibit A** hereto, which includes emails and a letter exchanged by counsel regarding the dispute (irrelevant portions of the emails have been redacted).)

3. Church of God and Plaintiffs were unable to resolve their dispute, and Church of God raised it with the Court at the pre-trial conference on March 21, 2013. At that conference, Church of God understood the Court to agree that Plaintiffs should produce documents related to any contingency fee arrangement they may have with their counsel, but counsel for Plaintiffs did not have the same understanding. (*See* **Exhibit B** hereto, which included emails discussing the parties' understanding of the Court's direction.)

4. Subsequent to the pre-trial conference, Church of God conferred again with Plaintiffs' counsel about Church of God's request for information regarding Plaintiffs' fee arrangement, but no resolution was reached. (*See* **Exhibit C** hereto.)

5. In accordance with FED. R. CIV. P. 37(a)(1), Church of God hereby certifies that it has conferred in good faith with Plaintiffs in an effort to resolve their discovery dispute without court action. As set forth herein, such efforts have not been successful, and Church of God respectfully requests an order compelling Plaintiffs to produce a copy of any contingency fee contract that they may have with their counsel and any other document that may reveal their fee arrangement.

## II.   ARGUMENT

**A.   Church of God Is Entitled to Discovery of Plaintiffs' Fee Arrangement**

1. FED. R. CIV. P. 26 provides the scope of discovery,

3

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1); *see also Oppenheimer Fund, Inc. v Sanders*, 437 U.S. 340, 351 (1978) (relevancy under Rule 26 encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case").

    2.    Plaintiffs have not raised the attorney-client privilege or the work product doctrine as a bar to discovery of their fee arrangement with counsel. Had they raised such objection, it would not stand. It is well settled that fee arrangements are generally not privileged because they reveal nothing about the advice sought or given. *See In re Sheffield*, 280 B.R. 719, 721 (S.D. Ala. 2001) ("'[D]isclosure of the fee arrangement does not inhibit the normal communications necessary for the attorney to act effectively in representing the client.' The fee agreement also does not come within the work-product privilege.") (internal citations omitted); *see also In re Tucker*, 66 So. 3d 750, 753 (Ala. 2011) ("[I]nformation regarding the fee arrangement and the identity of the person paying the fee falls outside the protection of the attorney-client privilege.").

4

3. Plaintiffs have claimed attorneys' fees and expenses as a component of their damages. *See* Third Amended Complaint, Counts IV and VII (Ct. Doc. 117), pp. 28-29, 32. Plaintiffs' claim is based on language in the promissory note at issue: "If any payment obligation under this Note is not paid when due, the Promisor promises to pay all costs of collection, including reasonable attorney fees . . . ." *See* Exhibit A to Ct. Doc. 117.

4. Because Plaintiffs are seeking attorneys' fees in this action, the terms of Plaintiffs' fee arrangement are unquestionably relevant and discoverable under Federal Rule of Civil Procedure 26. *See, e.g., Unique Sports Prods., Inc. v. Wilson Sporting Goods Co.*, 512 F. Supp.2d 1318, 1328-29 (N.D. Ga. 2007) ("As plaintiff seeks recovery of its attorney's fees and expenses, discovery on the issue is 'relevant to [plaintiff's] claim[s]' and therefore discoverable.")[2]; *see also Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) ("The court held that the contingency percentage was relevant because plaintiffs sought attorney's fees, and the percentage would be relevant to calculating reasonable attorney's fees." (upholding order compelling discovery but reversing grant of sanctions in Age Discrimination in Employment Act case).

---

[2] The Northern District of Georgia also notes that, "as a practical matter, providing defendant some information concerning plaintiff's legal fees and litigation expenses will likely assist the parties in reaching a settlement." *See Unique Sports*, 512 F. Supp.2d at 1328-29.

B HTI 1115090 v1
2014494-000005  05/10/2013

5. If Plaintiffs and their counsel have entered into a contract that provides that Plaintiffs' counsel's fee is dependent upon and proportionally related to Plaintiffs' recovery in the case, that fact should be considered by this Court in its determination of Plaintiffs' reasonable attorneys' fees. *See Hartford Accident & Indem. Co. v. Cochran Plastering Co., Inc.*, 935 So. 2d 462, 473 (Ala. Civ. App. 2006) (setting forth the criteria under Alabama law[3] for the determination of the reasonableness of an attorney fee, which include "whether the fee is fixed or contingent"); *see also Peebles v. Miley*, 439 So. 2d 137, 142 (Ala. 1983) (on action for collection of a promissory note, plaintiff's counsel's fee was contingent, and such fact was relevant to court's determination of reasonable attorneys' fees).

6. The decision of the Alabama Court of Civil Appeals in *Haar v. Glover*, 897 So. 2d 364, 369 (Ala. Civ. App. 2004), makes clear that, in a case like this one, where the subject-contract provides for the recovery of "reasonable" attorneys' fees, whether the fee is fixed or contingent should be considered:

> The reasonableness of an attorney fee under a contract providing for the recovery of reasonable attorney fees is largely within the discretion of the trial court. A trial court should consider several factors when awarding attorney fees: (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the

---

[3] The promissory note provides that Alabama law governs it. As a result, Plaintiffs' claim for attorneys' fees is governed by Alabama law in this diversity case.

reasonable expenses incurred; (8) **whether a fee is fixed or contingent**; (9) the nature and length of the professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and the limitations imposed by the client or by the circumstances."

*Id.*

6. Church of God respectfully submits that Plaintiffs' refusal to produce the requested documents is not substantially justified and that this motion should be granted.

### III.   CONCLUSION

1. For good cause shown, Church of God respectfully requests that this Court enter an order compelling Plaintiffs to produce a copy of any contingency fee agreement and any other document that may reveal Plaintiffs' fee arrangement with their counsel.

2. Pursuant to FED. R. CIV. P. 37(a)(5)(A), Church of God further requests an award of its reasonable expenses incurred in making this motion, including attorneys' fees.

Respectfully submitted this 10th day of May 2013.

> s/ Harriet Thomas Ivy
> Harriet Thomas Ivy (ASB-2901-T53I)
> David W. McDowell (ASB-7713-L69D)
>
> *Counsel for Defendant*
> *Church of God*

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 20th Street North, Suite 1400
Birmingham, Alabama  35203
Telephone:  (205) 328-0480
Facsimile:  (205) 322-8007
hivy@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2013, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of filing to the following:

Foy R. Devine, Esq.
Samuel B. Zeigler, Esq.
Taylor English Duma, LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339

Brian A. Wahl, Esq.
Michael F. Walker, Esq.
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203

V. Van Johnson, III, Esq.
Denner Pellegrino, LLP
265 State Street
Springfield, Massachusetts 01103

Thomas A. Kendrick, Esq.
William H. McKenzie, IV, Esq.
Norman, Wood, Kendrick & Turner
Financial Center - Suite 1600
505 20th Street North
Birmingham, Alabama 35203

Patrick Michael Birney, Esq.
Benjamin Carl Jensen, Esq.
Robinson & Cole, LLP
280 Trumball Street
Hartford, Connecticut 06103

                                                   s/ Harriet Thomas Ivy
                                                   Of Counsel